IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GRAHAM,

        Plaintiff,                    No. CIV S-08-2533 GEB KJM P

    vs.

M. JAFFE, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On July 24, 2009, the court recommended that this action be dismissed for plaintiff's failure to file an amended complaint. Plaintiff has now filed an amended complaint. Therefore, the court's recommendation that this action be dismissed will be vacated.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As it stands, plaintiff's amended complaint fails to state a claim upon which relief can be granted because the allegations are vague. The court will give plaintiff one final opportunity to state a valid claim.

If plaintiff chooses to file a second amended complaint, plaintiff is reminded that he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). For example, plaintiff appears to claim he has been retaliated against for filing staff complaints, but he fails to indicate the nature of his complaints so that the court may discern whether plaintiff's claims of retaliation are anything more than conclusory. Plaintiff also claims that he has been denied adequate medical care. But, plaintiff generally fails to bridge the gap between the actions of a particular defendant and an injury suffered. Petitioner must show that an injury suffered is attributable to a defendant or plaintiff has no valid cause of action. See Rizzo v. Goode, 423 U.S. 362 (1976) (there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation).

2

Plaintiff is again reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court's July 24, 2009 recommendation that this action be dismissed is vacated.

2. Plaintiff's amended complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 8, 2010.

_____
U.S. MAGISTRATE JUDGE

1
grah2533.14amd(8.20.09)