IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GRAHAM,

       Plaintiff,                   No. 2:08-cv-2533 GEB KJN P

    vs.

DR. M. JAFFE, et al.,             <u>ORDER AND</u>

       Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. On August 27, 2010, plaintiff's second amended complaint was deemed timely filed, and this action was remanded to the undersigned for further proceedings. (Dkt. No. 30.) Plaintiff's second amended complaint is now before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989), superseded by statute as stated in, Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
7  2000); Franklin, 745 F.2d at 1227.

8          By order filed April 3, 2009, plaintiff was advised that the complaint must allege
9  in specific terms how each defendant is involved, and that there can be no liability under 42
10 U.S.C. § 1983 absent an affirmative link between a defendant's actions and the claimed
11 deprivation of a constitutional right.  (Dkt. No. 7.)  In the second amended complaint, plaintiff
12 names 12 defendants.  However, plaintiff only includes charging allegations as to defendants Dr.
13 Acosta, Sgt. Ellin, Correctional Counselor Jubb, Dr. Wiggins, and Correctional Officer Whitted.
14 The general use of the term "defendants," as well as the conclusory reference to "retaliatory
15 measures" in the conclusion portion of the second amended complaint (id. at 8) are insufficient to
16 state a cognizable civil rights claim.  Because plaintiff has failed to include charging allegations
17 as to defendants Dr. N. Jaffe, M. Vasquez, Captain Baughman, Sgt. Steffins, and Correctional
18 Officers Nieves, Wooden and Silva, those defendants must be dismissed.

19         Plaintiff alleges Dr. Acosta and Sgt. Ellin verbally threatened plaintiff.  An
20 allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the
21 Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see Oltarzewski v.
22 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate
23 the Eighth Amendment).  These allegations do not raise a cognizable claim for violation of the
24 Eighth Amendment; accordingly, plaintiff's claims against defendants Wiggins and Ellin should
25 be dismissed.

26         Plaintiff's second amended complaint states potentially cognizable claims for

relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Jubb, Whitted and Wiggins.  If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of these claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Correctional Counselor Jubb, Correctional Officer Whitted and Dr. Wiggins.

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed July 13, 2010.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 1 above; and

   d. Four copies of the endorsed second amended complaint filed July 31, 2010.

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that:

1. Defendants Dr. N. Jaffe, M. Vasquez, Captain Baughman, Sgt. Steffins, and Correctional Officers Nieves, Wooden and Silva, be dismissed; and

2. Plaintiff's § 1983 claims alleging threats against defendants Ellin and Dr. Acosta do not state cognizable civil rights claims and should be dismissed.

These findings and recommendations are submitted to the United States District

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
2  one days after being served with these findings and recommendations, plaintiff may file written
3  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
6  F.2d 1153 (9th Cir. 1991).

7  DATED:  October 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grah2533.1

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GRAHAM,

    Plaintiff,                  No. 2:08-cv-2533 GEB KJN P

    vs.

DR. M. JAFFE, et al.,           NOTICE OF SUBMISSION

    Defendants.           OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____
                    Second Amended Complaint

DATED:

                                    _____
                                    Plaintiff