IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GRAHAM,

        Plaintiff,                      No. 2:08-cv-2533 GEB KJN P

   vs.

DR. M. JAFFEE, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. On February 10, 2011, plaintiff filed a document styled, "Motion Requesting District Court to Compel C.D.C./C.S.P. Lancaster to Provide Plaintiff Property Also Request for Extension of Time." Plaintiff states he was recently transferred to C.S. P. Lancaster and has not yet received his property, legal or personal. Plaintiff's property will not be received until after his February 10, 2011 deadline.

        It appears plaintiff will receive his property in due course following his transfer to a different institution. Accordingly, no court order requiring the return of plaintiff's property is required.[1] Rather, the court will grant plaintiff an extension of time in which to file objections to

---

[1] Moreover, the court does not have the power to order a non-party to provide an inmate with access to any of his personal legal materials. In addition, such an order would be inappropriate because the United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of prison administration. See Turner v. Safley, 482 U.S.

1

the October 22, 2010 findings and recommendations.

In addition, plaintiff is reminded that the October 22, 2010 order required plaintiff to return forms for service of process on defendants Jubb, Whitted and Wiggin. Good cause appearing, plaintiff will be provided an extension of time to provide these documents. Plaintiff is cautioned, however, that no further extensions of time will be granted. This action was filed in October of 2008, and plaintiff is required to diligently prosecute his case.

Good cause appearing, plaintiff will be granted one final extension of time to comply with the requirements of the October 22, 2010 order. No further extensions of time will be granted.

IT IS HEREBY ORDERED that:

1. Plaintiff's February 10, 2011 motion (dkt. no. 37) is partially granted;

2. Plaintiff is granted thirty days from the date of this order in which to comply with this court's October 22, 2010 order. No further extensions of time will be granted.

3. The Clerk of the Court is directed to re-serve a copy of the October 22, 2010 order and findings and recommendations (dkt. no. 31) on plaintiff at his new address.

DATED: February 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grah2533.36sec(2)

---

78, 84-85 (1987) (federal courts should exercise restraint before interfering in the complex realm of prison administration). Ordering that personal property or legal materials be returned to plaintiff would interfere with state prison officials' management of the prison. Under some circumstances, the deprivation of legal materials might rise to the level of violating an inmate's constitutional right of access to the courts, see Lewis v. Casey, 518 U.S. 343 (1996), but such a claim would not accrue until plaintiff suffered an actual injury, and relief would have to be sought in a new civil rights action.