IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GRAHAM,

      Plaintiff,                    No. 2:08-cv-2533 GEB KJN P

   vs.

JUBB, et al.,                             ORDER AND

      Defendants.              FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. In his second amended complaint ("SAC"), plaintiff claims defendants were deliberately indifferent. On June 21, 2011, defendant Wiggins filed a motion to dismiss based on an alleged failure to exhaust administrative remedies, and defendants Jubb, Whitted and Wiggins[1] moved to dismiss alleging that plaintiff's allegations are too vague and conclusory to state a cognizable civil rights claim. (Dkt. No. 47.) Plaintiff filed an opposition and declaration on August 22, 2011. (Dkt. No. 53.) Defendants filed a reply on August 29, 2011. (Dkt. No. 54.)

---

[1] Defendants Jaffee, Vasquez, Baughman, Steffins, Nieves, Wooden, Silva, Ellin and Acosta were dismissed on March 31, 2011. (Dkt. No. 42.) The case caption is revised accordingly.

1

For the reasons set forth below, the undersigned recommends that defendants' motion to dismiss plaintiff's claims against defendant Wiggins as unexhausted be granted, and defendants' motion to dismiss plaintiff's claims against defendant Jubb and Whitted be granted based on plaintiff's failure to state a cognizable civil rights claim, but with leave to file a third amended complaint.

I. Motion to Dismiss - Exhaustion

Defendants contend plaintiff failed to exhaust his administrative remedies as to defendant Wiggins. In the SAC, plaintiff alleges that defendant Wiggins denied plaintiff's request to see a psychiatrist and to receive different medications. (Dkt. No. 26 at 7.) Defendants have presented evidence they contend demonstrates plaintiff did not raise these allegations in any of the grievances plaintiff filed or properly exhausted prior to the filing of the instant action. (Dkt. No. 26 at 1-35.)

In opposition, plaintiff argues that defendant Wiggins, a medical doctor, was plaintiff's primary clinician who knew the risk to plaintiff. (Dkt. No. 53.) Plaintiff also contends that defendant Wiggins is included in plaintiff's use of the term "staff" in plaintiff's staff complaint dated September 23, 2007. (Dkt. No. 53 at 3, 12.) In reply, defendants contend that plaintiff failed to rebut defendants' evidence of non-exhaustion. (Dkt. No. 54 at 6.)

A. Legal Standard re Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Id., 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

////

1    The State of California provides its prisoners the right to appeal administratively
2  "any departmental decision, action, condition or policy which they can demonstrate as having an
3  adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2011). It also provides
4  them the right to file appeals alleging misconduct by correctional officers and officials. Id. at
5  § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner
6  must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
7  on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and
8  (4) third level appeal to the Director of the California Department of Corrections and
9  Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code
10 Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the
11 exhaustion requirement under § 1997e(a). Id. at 1237-38.

12    Non-exhaustion under § 1997e(a) is an affirmative defense which should be
13 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil
14 Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, the court
15 may look beyond the pleadings to determine whether a plaintiff exhausted his administrative
16 remedies. Id. at 1119-20.

17    B. Analysis

18    Plaintiff's Eighth Amendment claim against defendant Wiggins is based on her
19 alleged denial of plaintiff's request to see a psychiatrist and to receive different medications for
20 plaintiff's suicidal thoughts/voices. (Dkt. No. 26 at 7.) Plaintiff also alleges that defendant
21 Wiggins told plaintiff "he would be taken out of the EOP[2] program once again for failure to
22 cooperate with them." (Dkt. No. 26 at 8.)

23    For purposes of the PLRA's exhaustion requirement, "a grievance suffices if it
24 alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557

---

[2] "EOP" is an acronym for Enhanced Outpatient Program.

F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted).  Ultimately, a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures."  Id., 557 F.3d at 1121 (internal quotation marks omitted).

Plaintiff argues that his use of the phrase "Staff" in the Staff Complaint signed September 23, 2007, included defendant Wiggins.  (Dkt. No. 53 at 12.)  However, the attached grievance, SAC-B-07-02238, also signed September 23, 2007, does not include the allegations concerning a request to see a psychiatrist or to receive different medications. (Dkt. No. 53 at 13, 15-18.)  All of plaintiff's claims in grievance SAC-B-07-02238 pertain to plaintiff's allegations that custody staff were acting as gatekeepers to keep plaintiff out of the EOP treatment center.  Id.  Indeed, plaintiff complains that the staff "are not licensed to act or make decisions in the capacity of a psychiatrist or psychologist in determining an inmate's need of mental health treatment."  (Dkt. No. 53 at 15.)  Moreover, plaintiff specifically names the custody staff about whom he complains, and none of them are doctors.  Therefore, the court is unable to conclude that defendant Dr. Wiggins was one of the "staff" about whom plaintiff complained in grievance SAC-B-07-02238.  Accordingly, defendants' motion to dismiss plaintiff's claims against defendant Wiggins should be granted based on plaintiff's failure to first exhaust administrative remedies.

II. Motion to Dismiss - Failure to State a Claim

Defendants Whitted and Jubb contend that plaintiff has failed to allege facts sufficient to establish the elements of plaintiff's civil rights claim.  Despite filing an opposition to this motion, on September 1, 2011, plaintiff filed a motion for leave to amend, conceding his failure to specifically articulate facts demonstrating that defendants violated plaintiff's constitutional rights.  Accordingly, the motion to dismiss by defendants Whitted and Jubb is granted, and plaintiff is granted leave to file a third amended complaint setting forth plaintiff's deliberate indifference claims against only defendants Whitted and Jubb.  Plaintiff may not name new defendants nor raise new claims in the third amended complaint.

Plaintiff is advised that he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in the third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is not required to provide exhibits demonstrating exhaustion of administrative remedies, or points and authorities in support of his deliberate indifference claims.

III. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. The June 21, 2011 motion to dismiss plaintiff's deliberate indifference claims against defendants Jubb and Whitted (dkt. no. 47) is granted;

2. Plaintiff's motion for leave to amend (dkt. no. 55) is partially granted;

3. Plaintiff's second amended complaint is dismissed; and

4. Plaintiff is granted thirty days in which to file a third amended complaint specifically articulating his deliberate indifference claims against only defendants Whitted and

Jubb. Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

IT IS RECOMMENDED that:

1. The June 21, 2011 motion to dismiss plaintiff's claims against defendant Wiggins, based on an alleged failure to exhaust administrative remedies, be granted; and

2. Plaintiff's claims against defendant Wiggins be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/grah2533.mtd