IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. GRAHAM,

        Plaintiff,                      No. 2:08-cv-2533 GEB KJN P

   vs.

JUBB, et al.,

        Defendants.            ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. While plaintiff was housed at the California Medical Facility, plaintiff filed a motion for appointment of counsel, and to modify the scheduling order. Defendants do not oppose plaintiff's request to modify the scheduling order. On July 9, 2013, defendants filed a request to depose plaintiff by video-conference. On July 11, 2013, plaintiff filed a notice of change of address, stating that he is now housed at the California State Prison in Lancaster, California. The court addresses these requests below.

     Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v.

1

Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Thus, plaintiff's motion is denied without prejudice.

Defendants show good cause for conducting plaintiff's deposition by videoconference. Defendant's request is granted, subject to the following orders. First, the court reporter shall be present at the prison with plaintiff. Second, counsel for defendants shall work with the litigation coordinator at California State Prison, Lancaster, to ensure that plaintiff is in possession of his legal materials in advance of, and at, the deposition. Third, the video-conferenced deposition shall take place within the next thirty days. Fourth, either in person or during the videoconferenced proceeding, defendants' counsel shall discuss with plaintiff the possibility of resolving this action without need for a settlement conference. Fifth, within fourteen days after the deposition, defendants' counsel shall inform the court as to such efforts, and, if the parties were unable to agree to a resolution of this action, counsel shall advise the court whether the parties believe that a formal settlement conference would be beneficial. Upon receipt of this information, the court will issue an order setting a settlement conference, or issue a further scheduling order.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 82) is denied without prejudice; and

2. Defendant's motion to conduct plaintiff's deposition by video-conference (ECF No. 84) is granted subject to the requirements set forth above.

DATED: July 18, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

grah2533.31+