UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GRAHAM, | No. 2:08-cv-2533 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. M. JAFFE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. By order filed July 19, 2013, defendants were permitted to depose plaintiff by videoconference; counsel was directed to work with the litigation coordinator to ensure that plaintiff was in possession of his legal materials in advance of and during the deposition, and requested to discuss settlement with plaintiff.

On August 30, 2013, defendants filed a status report indicating that at plaintiff's August 16, 2013 deposition, counsel was informed by plaintiff that he did not have benefit of his property prior to the deposition or on the date of the deposition. There is contradictory information concerning plaintiff's efforts to obtain access to his property (ECF No. 87-1 at 1), but the parties ultimately agreed to postpone plaintiff's deposition, and stipulated to a joint motion to modify the schedule to permit defendants to take plaintiff's deposition at a later date, and agreed that plaintiff

////

////

1

would immediately submit or re-submit his "pull slip"[1] request for review of his property. (ECF No. 87 at 3.) Defendants' counsel confirmed with Officer Grant, the property officer, that plaintiff's property request would be given priority status, and states that

> in the event that the court grants the parties' joint motion for modification of the schedule, counsel will continue to follow up with the Lancaster litigation coordinator's office and Officer Grant to ensure that plaintiff has received access to his property.

(ECF No. 87 at 3.) In addition, counsel discussed the possibility of settlement with plaintiff, who indicated he is potentially amenable to settlement negotiations, but that he must first review his legal property.

The July 19, 2013 order expressly ordered defendants' counsel to "work with the litigation coordinator at California State Prison, Lancaster, to ensure that plaintiff [was] in possession of his legal materials in advance of, and at, the deposition." (ECF No. 86 at 2.) Although counsel contacted the litigation coordinator "in the week prior" to plaintiff's August 16, 2013 deposition, it appears counsel relied on plaintiff using the "pull slip" procedure to obtain his legal property. Counsel describes in great detail her efforts to find out what happened <u>after</u> she became aware on August 16, 2013, that plaintiff had not received prior access to his property, but fails to set forth detailed efforts she made <u>prior</u> to the deposition. The delay we are now experiencing is precisely the delay the court intended to avoid by issuing the July 19, 2013 order. Counsel's reliance on plaintiff using the "pull slip" procedure is not the diligence this court expected in response to this court's order.

Nevertheless, in light of plaintiff's inability to access his property, the court grants the joint motion to modify the schedule. However, counsel for defendants is cautioned that further delay resulting from plaintiff's inability to access his property may result in an order imposing sanctions. Plaintiff's housing in administrative segregation does not justify his inability to access his legal materials, particularly where he needs to prepare for his deposition in this 2008 case. If

---

[1] Inmates housed in administrative segregation must submit a "pull slip" request to access their legal materials due to limited property retention in their cells based on safety and security concerns. (ECF No. 87 at 2.)

2

necessary, plaintiff can be placed in a room with his legal materials and given an opportunity to review the legal materials prior to the deposition.

Plaintiff is also cautioned that he must use all procedures available to him to access his property prior to the deposition, and may not simply rely on defendants' counsel.  Plaintiff's failure to do so may result in the imposition of sanctions.  Plaintiff shall immediately notify the court if he is unable to obtain his property prior to the newly-scheduled deposition.

Thus, defendants shall notice plaintiff's deposition within fourteen days from the date of this order.  As set forth in the court's prior order, the court reporter shall be present at the prison with plaintiff.  Counsel for defendants is ordered to work with Officer Grant and the litigation coordinator at California State Prison, Lancaster, to ensure that plaintiff has sufficient opportunity to review his legal materials prior to the deposition, and to ensure that plaintiff is in possession of his legal materials during the deposition.  Either in person or during the video-conferenced proceeding, defendants' counsel shall discuss with plaintiff the possibility of resolving this action without need for a settlement conference.  Within fourteen days after the deposition, defendants' counsel shall inform the court as to such settlement negotiations, and, if the parties were unable to agree to a resolution of this action, counsel shall advise the court whether the parties believe that a formal settlement conference would be beneficial.  Upon receipt of this information, the court will issue an order setting a settlement conference, or issue a further scheduling order.  The parties are cautioned that failure to comply with this order may result in imposition of sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. The joint motion to modify the schedule (ECF No. 87) is granted;

2. Within fourteen days from the date of this order, defendants shall re-notice plaintiff's deposition;

3. Counsel for defendants shall work with Officer Grant and the litigation coordinator at California State Prison, Lancaster, to ensure that plaintiff has sufficient opportunity to review his legal materials prior to the deposition, and is in possession of his legal materials during the deposition;

////

4. On the date of the deposition, the parties shall discuss the possibility of resolving this action without need for a settlement conference;

5. Within fourteen days after plaintiff's deposition, counsel for defendants shall inform the court as set forth above; and

6. Plaintiff shall immediately notify the court if he is unable to access his legal materials prior to the newly-scheduled deposition.

Dated: September 13, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE